RECEIVED

JUN 2 4 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ALICIA P. BOWMAN | CIVIL ACTION NO. 07-1961 |
| VERSUS | JUDGE DOHERTY |
| HOME DEPOT | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before this Court is the Motion for Default Judgment [Doc. 17] filed by the plaintiff Alicia P. Bowman. Plaintiff seeks a default judgment against defendant Home Depot for damages allegedly sustained by the plaintiff as set forth in the original Complaint for Damages filed on November 15, 2007, together with interest thereon at the legal rate from the date of judicial demand, until paid, and for all costs of this lawsuit. Plaintiff seeks a judgment in the amount of $250,000.00 from defendant Home Depot. Home Depot has not filed an answer in this case.

For the following reasons, the motion for default judgment is DENIED.

I. **Factual and Procedural Background**

On November 16, 2007, plaintiff, a former employee of the Opelousas, Louisiana Home Depot working as a receiving/freight supervisor, filed a Complaint for Damages against Home Depot, alleging Home Depot fired her in violation of 42 U.S.C. §2000(e) and the laws of the State of Louisiana on the basis of her race and sex (plaintiff is an African American female). Plaintiff also alleges claims for intentional and negligent infliction of emotional distress and humiliation and anguish. Plaintiff contends her race and sex are the reason she was fired after formally calling the

company alert line to report another employee prior to "her" leaving the store.[1] Plaintiff also contends she was subjected to repeated abuse by the Home Depot operations manager "by being referred to with the use of profanity and demeaning racial language." Plaintiff alleges in her Complaint she was advised she was being discharged for prior disciplinary notices, including leaving power equipment outside.

The docket sheet in this matter shows the Complaint was filed on November 16, 2007 [Doc. 1]. On March 24, 2008, the Clerk of Court issued a Notice of Intent to Dismiss the case in its entirety for failure to effect service within 120 days [Doc. 2]. On March 27, 2008, the plaintiff filed a motion for extension of time to serve the defendant [Doc. 3]. That motion was deemed deficient by the Clerk of Court [Doc. 5], and a corrective document was filed on April 8, 2008 [Doc. 7]. On April 11, 2008, the magistrate judge granted the motion for extension of time to effect service [Doc. 8]. In the meantime, on March 31, 2008, plaintiff filed a copy of the summons it served on Home Depot into the record [Doc. 6].

On July 30, 2008, plaintiff filed a Motion for Entry of Default Judgment [Doc. 9]. The motion was automatically terminated by the Clerk of Court because no summons had been returned executed and filed into the record. On August 7, 2008, plaintiff filed into the record a Return of Service showing the summons was ostensibly served on Home Depot by P& M Investigations, L.L.C. on March 26, 2008 [Doc. 10]. The Return of Service states the summons was:

> (X) Served personally upon defendant/witness at: Home Depot with Store manager on duty Ms. Nicole Morton at 12:20 p.m.
>
> The summons was served at the following location:

---

[1] From a reading of the plaintiff's Complaint, it is unclear to this Court whether the "her" referred to is the plaintiff herself or the co-worker the plaintiff was reporting.

Home Depot #5406<br>
5604 I - 49 Service Road<br>
Opelousas, LA 70570

Ms. Morton signed the green card acknowledging her receipt of the summons.

Also on August 7, 2008, plaintiff filed a Motion for Entry of Default Judgment [Doc. 11]. The Clerk of Court issued a Notice of Entry of Default on the same date [Doc. 12].

On May 18, 2009, the Clerk of Court issued a Notice of Intent to Dismiss the case in its entirety for failure of the plaintiff to prosecute the case within six months [Doc. 13]. The copy of that document that was mailed to Home Depot was returned to this Court, with the notation that the addressee had moved and left no forwarding address [Doc. 15].

The instant motion was filed on May 26, 2009. Upon filing, it was deemed deficient by the Clerk of Court as no separate order was submitted therewith [Doc. 16]. That deficiency was corrected on May 27, 2009 [Doc. 17], and the motion is now ripe for consideration.

## II.   Law and Analysis

### 1.   Multiple Deficiencies

Before this Court addresses the substance of the instant motion, it takes a moment to address the multiple deficiencies that were issued to plaintiff's counsel in this case, at nearly every stage of filing and/or prosecution of this matter. Specifically, with respect to the vast majority of filings the plaintiff has made in this case, there was either a procedural or a filing mistake that prompted the Clerk of Court to issue a deficiency notice, as follows:

- After the filing of the Complaint itself, the plaintiff allowed the matter to go unprosecuted for a period of more than 4 months without effecting service, prompting the Clerk of Court to issue a Notice of Intent to Dismiss the case in its entirety for failure to effect service within 120 days [Doc. 2].

-3-

- Plaintiff's next filing, a motion for extension of time to serve the defendant [Doc. 3], was deemed deficient by the Clerk of Court for failure to contain the original signature of either an attorney or a party to the lawsuit pursuant to Rule 11 of the Federal Rules of Civil Procedure [Doc. 5].

- Plaintiff's first motion for default judgment was automatically terminated by the Clerk of Court, because the plaintiff had not yet filed a return of service of the executed summons into the record.

- After the Return of Service was filed in August 2008, the plaintiff did nothing in the case for a period of more than nine months, prompting the Clerk of Court to issue a second Notice of Intent to dismiss the case in its entirety for failure to effect service within six months [Doc. 13].

- The instant motion, filed in May 2009, was deemed deficient by the Clerk of Court for failure of the plaintiff to include a separate order on a separate page, one of the most basic of filing rules in the Western District of Louisiana.

The following language appears at the top of all deficiency notices in this district:

**NOTE:** Repeated errors in filing that result in formal Notices of Deficiency or electronic notification of filing errors may, at the discretion of the Clerk of Court and with approval of the Judges of the court, subject the filer to remedial action, i.e. mandatory training, restriction of filing privileges, etc.

Although the Clerk of Court has not recommended that plaintiff's counsel be subjected to remedial action due to repeated errors in filing, this Court finds the number of times deficiency notices have been issued by the Clerk of Court is sufficient to warrant a warning to plaintiff's counsel that future failures to follow the filing rules of this Court could leave this Court with no option but to order remedial action, including mandatory training or restriction of filing privileges. Counsel is cautioned that the time and effort that goes into the issuance of deficiency notices is considerable, and counsel who engage in repeated failures to comply with filing rules and procedures create a drain on the already limited resources and necessary efficiency of the Clerk of Court.

Considering the foregoing, IT IS HEREBY NOTED that Harold D. Register, Jr. is hereby

cautioned that future failures to comply with Court filing procedures could force this Court to subject Mr. Register to remedial action, including mandatory training or restriction of filing privileges.

### 2. Substance of Motion

Turning now to the motion at hand, this Court notes the instant motion is lacking both procedurally and substantively. With respect to the procedural requirements plaintiff must satisfy, this Court has grave concerns regarding whether Home Depot was properly served in this matter. Rule 4(h) of the Federal Rules of Civil Procedure provides the rules for serving a corporation, as follows:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires-- by also mailing a copy of each to the defendant; or
> >
> > (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Rule 4(e)(1) provides that an individual within the United States may be served as follows:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an

> incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . .

Fed. R. Civ. P. 4(e)(1).

In the instant case, the record shows Home Depot was served by serving a copy of the summons on Ms. Nicole Morton, who appears to be the store manager of the Opelousas Home Depot who was on duty on March 26, 2008 at 12:20 p.m. It is unclear to this Court whether such service perfects service on defendant Home Depot. Although Rule 4(h)(1)(A) appears to allow service on a corporation in the same manner as service is permitted on an individual pursuant to Rule 4(e)(1), this Court does not have sufficient information before it to determine whether service on Home Depot in the manner effected was, in fact, adequate. Indeed, upon information and belief, the Opelousas Home Depot store has since closed, and Home Depot has not answered the instant lawsuit. Under the foregoing facts, this Court concludes the plaintiff has not carried his burden to establith Home Depot was properly served, and a default judgment under such circumstances would not be proper. *See, e.g., Recreational Properties, Inc. v. Southwest Mortg. Service Corp.*, 804 F.2d 311, 314 (5th Cir. 1986) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside."). *See also Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4)"), *citing Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412 (5th Cir.1998).

Notwithstanding the foregoing, even if this Court were to determine that service *was* perfected on Home Depot, from a substantive standpoint, this Court notes Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment, but no citation to this rule appears in the plaintiff's motion for default judgment, nor does the motion contain a citation to any other legal authority supporting the plaintiff's claim for the requested relief. Nor does the motion attach other relevant evidence upon which this Court could rely in determining whether a default judgment is appropriate at this juncture. The entirety of plaintiff's motion states as follows:

> Defendant, **HOME DEPOT, INC.** defaulted in this action. The default was entered on August 7, 2008. The issue of the amount of damages sustained by plaintiff is now being submitted to the Judge for determination that plaintiff suffered damages in the amount of $250,000.00.
>
> It is therefore adjudged that plaintiff recover from the defendant $250,000.00, based on the original Complaint for Damages and the Prayer for Relief filed with this Court on November 15, 2007, together with interest thereon at the legal rate from date of judicial demand, until paid, and for all costs of this suit.[2]

Given that a default judgment is entered in lieu of a trial on the merits, such evidentiary support is critical. With regard to the sufficiency of the evidence necessary to support a default judgment, the Second Circuit stated it best:

> Unless there are very unusual circumstances to justify it, the evidentiary material offered in support of a final judgment should consist of material within the personal knowledge of the affiant and not hearsay, and attached exhibits should be accompanied by sworn statements of the circumstances that would qualify them as full exhibits.

*Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4 (2nd Cir. 1970) (reversing entry of default judgment where evidence did not prove that movant had proper lien against defendant and there were

---

[2] *See* plaintiff's Motion for Default Judgment, Doc. 17.

factual issues regarding whether movant was entitled to judgment).[3]

The Fifth Circuit has recognized the seriousness of a default judgment. *See, e.g., CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 (5th Cir. 1992) ("Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, 'even a slight abuse [of discretion] may justify reversal.'"), *citing Williams v. New Orleans Pub. Serv.*, 728 F.2d 730, 734 (5th Cir.1984), *quoting Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).

Considering the foregoing deficiencies, and noting that there may be additional deficiencies that have not been pointed out herein, this Court concludes the plaintiff has not carried her burden of showing she is entitled to the requested relief, either procedurally or substantively.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion for Default Judgement [Doc. 17] is DENIED without prejudice to the plaintiff's ability to reurge the issuance of a default judgment in a motion that more properly sets forth a factual and legal basis to support the request for relief.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___ day of June, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] Although this Court is not bound by the decisions of other circuit courts, the Court notes the language of the Second Circuit opinion for illustrative purposes.